UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAURICE DANTRELL BOYKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00587-JPH-MG |
| | ) | |
| SIMMERMAN, | ) | |
| TEARKNEE, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Service of Process**

Maurice Dantrell Boykins, an inmate at Wabash Valley Correctional Facility, brings this lawsuit alleging violations of his civil rights. Because Mr. Boykins is a "prisoner," the Court must screen his complaint before directing service on the defendants. 28 U.S.C. § 1915A.

**I. Screening Standard**

The Court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court applies the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

The complaint names Sergeant Simmerman and Officer Tearknee as defendants. Mr. Boykins is seeking damages and injunctive relief.

The complaint alleges the following:

On September 2, 2022, Sergeant Simmerman sprayed Mr. Boykins with pepper spray. He did not let Mr. Boykins take a decontamination shower afterward and instead placed him in a strip cell. The cell was unsanitary and lacked adequate ventilation. There was no bed, so Mr. Boykins slept on the floor between the toilet and a bench. Sergeant Simmerman disabled the toilet, which was foul smelling and filled with urine and feces, and set the toilet on an automatic timer. Mr. Boykins told Mr. Officer Tearknee that he could not use this bathroom with the toilet disabled, but Officer Tearknee did not intervene and instead began playing with Mr. Boykins' food.

## III. Discussion

Based on the screening standard set forth above, the following claims **shall proceed**:

- Eighth Amendment claims against Sergeant Simmerman, based on allegations that he placed Mr. Boykins in an unventilated cell without letting him take a decontamination shower being pepper sprayed; and

- Eighth Amendment claims against Sergeant Simmerman and Officer Tearknee, based on allegations that they placed Mr. Boykins in an uninhabitable cell or knew that Mr. Boykins was in an uninhabitable cell and did not intervene to remedy the situation.

Mr. Boykins' claims for damages shall proceed against the defendants in their individual capacities. His claims for injunctive relief shall proceed against these defendants in their official capacities.

The complaint alleges that Sergeant Simmerman pepper sprayed Mr. Boykins. While this level of force could, potentially, amount to excessive force in violation of the Eighth Amendment, the complaint does not include sufficient factual allegations to create a reasonable inference that the pepper spray was deployed sadistically or maliciously, rather than in a good faith attempt to restore order. *See Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (When prison officials are accused of using excessive force, the key inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). To the extent Mr. Boykins claims excessive force based on this incident, that claim is **dismissed**.

This summary includes all viable claims identified by the Court. If Mr. Boykins believes the complaint contains additional viable claims, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sergeant Simmerman and Officer Tearknee in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the defendants electronically.

This Order does not prohibit the defendants from filing a motion under Rule 12.

**SO ORDERED**.

Date: 3/8/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAURICE DANTRELL BOYKINS
285506
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Electronic Service to the following IDOC Defendants at Wabash Valley Correctional Facility

    Sergeant Simmerman
    Officer Tearknee