UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MAURICE DANTRELL BOYKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:22-cv-00587-JPH-MG ) |
| SIMMERMAN, TEARKNEE, | ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING MOTION FOR ASSISTANCE RECRUITING COUNSEL**

Maurice Dantrell Boykins, a prisoner at Wabash Valley Correctional Facility, has filed a motion for assistance recruiting counsel. In this lawsuit, Mr. Boykins alleges that correctional officers at Wabash Valley did not let him take a decontamination shower after being pepper sprayed and placed him in an uninhabitable cell. *See* dkt. 18. He has made multiple attempts at recruiting counsel on his own, through the help of his fiancée, without success. Dkt. 13 at 2. Mr. Boykins believes his lack education—which he describes as second-grade education, though his formal education ended around ninth grade—and his attention deficit disorder make self-representation more difficult. *Id.* at 2-3. Mr. Boykins previously received assistance with this case from another prisoner, but he no longer has access to that resource. *Id.* at 3.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request"

counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted); *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d at 653; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc);

*Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)).

The Court finds that Mr. Boykins has made a reasonable effort to recruit counsel on his own before seeking the Court's assistance and will proceed to the second question.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655).

The Court acknowledges that Mr. Boykins' lack of formal education and his attention deficit disorder may make self-representation more difficult. That said, the legal and factual issues in this case are not overly complex. Mr. Boykins' unassisted filings demonstrate that he understands the nature of these proceedings and that he is able to read and write in a way that communicates effectively. *E.g.,* dkts. 13, 28. Further, this case is still in its early stages, and Mr. Boykins's filings so far show that he should be able to participate in discovery without the assistance of counsel. *See Eagan*, 987 F.3d at 684 (noting that litigation becomes more complex as it moves to later stages).

Accordingly, Mr. Boykins' motions for assistance recruiting counsel, dkts. [13, 16, 17, 29], are **DENIED WITHOUT PREJUDICE**. The Court will remain alert to changes in circumstances, such as a settlement conference or trial, that may warrant reconsideration of this Order.

Last, in his most recent motion for counsel, Mr. Boykins expressed concern that he has not received all of the filings in this lawsuit and stated that he did not understand why a $38.00 payment toward this case was made without his knowledge. *See* dkt. 29 at 1. The **CLERK IS DIRECTED** to send Mr. Boykins a copy of the Order Directing Prisoner Payment, dkt. [12], and a copy of the public docket sheet along with his copy of this Order. The Court will continue to collect payments from Mr. Boykins' institutional trust account until the $350.00 filing fee is paid in full. *See* 28 U.S.C. 1915(b)(2) ("After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.").

**SO ORDERED**.

Date: 4/28/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAURICE DANTRELL BOYKINS
285506
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel

4