UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAURICE DANTRELL BOYKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00587-JPH-MG |
| | ) | |
| SIMMERMAN, | ) | |
| TEARKNEE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

*Pro se* prisoner Maurice Dantrell Boykins moves to enjoin defendant Simmerman from retaliating against him for filing this lawsuit. For the reasons below, that motion is **DENIED**.

## I. Background

### A. The Complaint

On September 2, 2022, Sergeant Simmerman sprayed Mr. Boykins with pepper spray. He did not let Mr. Boykins take a decontamination shower afterward and instead placed him in a strip cell. The cell was unsanitary and lacked adequate ventilation. There was no bed, so Mr. Boykins slept on the floor between the toilet and a bench. Sergeant Simmerman disabled the toilet, which was foul smelling and filled with urine and feces, and set the toilet on an automatic timer. Mr. Boykins told Officer Tearknee that he could not use this bathroom with the toilet disabled, but Officer Tearknee did not intervene and instead played with Mr. Boykins' food. (Dkt. 18 at 2 Screening Order).

Based on these allegations, the Court allowed Mr. Boykins to proceed on Eighth Amendment claims against Sergeant Simmerman and Officer Tearknee in their individual capacities. (*Id.* at 3).

### B. Motion for Preliminary Injunction

In the motion for preliminary injunction, Mr. Boykins claims that he is "constantly dealing with [acts] of retaliation" for filing this lawsuit. (Dkt. 27). On April 6, 2023, Mr. Boykins had an issue with his food tray, but Sergeant Simmerman said he "won't gonna rectify the situation." (*Id.*). When Mr. Boykins walked away, Sergeant Simmerman allegedly used a sexist profanity and asked, "what you gonna do file a lawsuit?" (*Id.*).

Mr. Boykins requests "a restraining order that protect[s] me from him." (*Id.*).

## II. Legal Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). The plaintiff first must show that "(1) without this relief, it will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of prevailing on the merits of its claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.*

### III. Discussion

"Irreparable harm" means an injury that money cannot repair. *See D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016). Common forms of irreparable harm faced by prisoners include bodily harm or the infringement of religious exercise. *See Knowles v. Pfister*, 829 F.3d 516, 518-19 (7th Cir. 2016) (temporary restriction of religious practice may amount to irreparable harm); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012) (an official's refusal to treat a prisoner's pain may be irreparable harm).

"The mere possibility of irreparable injury is not enough" to prevail on a motion for preliminary injunction. *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020). Instead, "[t]he moving party must demonstrate the he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." (*Id.* at 503).

In this case, Mr. Boykins expresses non-specific fears of retaliation from Sergeant Simmerman. He argues that Sergeant Simmerman was once unhelpful when he had an issue with his food tray and then directed a harassing statement at him from across the room. Although Mr. Boykins states that he is "constantly dealing with [acts] of retaliation," dkt. 27, he does not include any other examples of alleged misconduct from Sergeant Simmerman since this lawsuit was filed.

The allegations do not show that Mr. Boykins is at risk of serious physical harm or other forms of irreparable harm from Sergeant Simmerman in the absence of a preliminary injunction. Accordingly, his motion for preliminary injunction, dkt. [27], is **DENIED**.

**SO ORDERED**.

Date: 10/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MAURICE DANTRELL BOYKINS
285506
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Breanne Chambers
Office of Indiana Attorney General
breanne.chambers@atg.in.gov

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov